ENGELMAYER

22-CV-00558

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Karena K. Ioannou
kioannou@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Kelly Toys Holdings, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>TOP DEPARTMENT STORE d/b/a WWW.SQUISHMALLOWSUS.COM d/b/a WWW.SQUISHMALLOWS-US.COM d/b/a WWW.SQUISHMOLLAWS.COM; PERFECTDISC SQUISHMOLLAWS.COM d/b/a WWW.SQUISHMOLLAWS.COM; WWW.SQUISHMALLOWSUS.COM; WWW.SQUISHMALLOWS-US.COM and WWW.SQUISHMOLLAWS.COM,<br><br>*Defendants* | **Civil Case No.:**<br><br>[PROPOSED]<br>1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANTS' WEBSITES AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY<br><br>**FILED UNDER SEAL** |

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Kelly Toys** | Kelly Toys Holdings, LLC |
| **Defendants** | Top Department Store d/b/a www.squishmallowus.com d/b/a www.squishmallows-us.com d/b/a www.squishmollaws.com; Perfectdisc Squishmollaws.com d/b/a www.squishmollaws.com; www.squishmallowsus.com; www.squishmallows-us.com and www.squishmollaws.com |
| **Alibaba** | Alibaba Cloud Computing (Beijing) Co., Ltd., a Chinese company, with addresses of 701-29 7F 2 Haidian Dongsan St Haidan District Beijing, China, and any and all affiliated companies, which operates an e-commerce platform, available at www.alibabacloud.com, that enables users to build websites, create online stores, and manage and market their businesses, among other things |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |
| **KWT International** | KWT International Inc., with an address of 605 W Victoria St Compton, CA 90220-5511, and any and all affiliated companies, which operate a shipping company |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Kelly Dec.** | Declaration of Jonathan Kelly in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Squishmallows Applications** | U.S. Trademark Serial Application Nos. 88/471,796 for "SQUISHMALLOWS HUGMEES" for goods in Class 28 and 90/676,140 for "ORIGINAL |

| | |
|---|---|
| | SQUISHMALLOWS," for goods in Class 28 |
| **Squishmallows Registrations** | U.S. Trademark Registration Nos. 6,137,521 for "FLIP A MALLOWS" for goods in Class 28; 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class 28; and 2,029,047 for "KELLYTOY" for goods in Class 28 |
| **Squishmallows Marks** | The marks covered by the Squishmallows Registrations and Squishmallows Applications |
| **Squishmallows Works** | The works covered by the U.S. copyright registrations listed in Exhibit C to the Complaint |
| **Squishmallows Products** | A line of loveable buddies made with a super soft, marshmallow-like texture that come in a variety of sizes from 3.5 inch clip-ons to extra large 24 inch plush toys, and include styles such as Hug Mees, Stackables, Mystery Squad and Flip-A-Mallows |
| **Counterfeit or Infringing Products** | Products bearing or used in connection with the Squishmallows Marks and/or Squishmallows Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Squishmallows Marks and/or Squishmallows Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works and/or products that are identical or confusingly or substantially similar to the Squishmallows Products |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.squishmallowsus.com and www.squishmallows-us.com, along with the domain names associated therewith |
| **Infringing Domain Names** | www.squishmallowsus.com; www.squishmallows-us.com and www.squishmollaws.com |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants or Defendants' Websites (whether said accounts are located in the U.S. or abroad) |

| Financial Institutions | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) and PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
|---|---|
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Infringing Products and and/or Defendants' Websites, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts, such as Cloudflare, Inc., domain name registrars, such as Alibaba Cloud Computing LTD. d/b/a HiChina, GoDaddy.com, LLC ("GoDaddy"), KWT International and domain name registries |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Infringing Products.[1] Having reviewed the Application, Declarations of Jonathan Kelly and Gabriela N. Nastasi, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Founded in 1986, Kelly Toys is one of the world's most influential, leading manufacturers and distributors of high-quality plush toys and gifts, which is known for its best-selling brands, including Pillow Chums, Kellybaby and Kellypet, among others.

2. While Kelly Toys has gained significant common law trademark and other rights in its Squishmallows Products, through its and/or its predecessor's use, advertising and promotion, Kelly Toys has also protected its valuable rights by filing for and/or obtaining federal trademark registrations.

3. For example, Kelly Toys is the owner of the Squishmallows Registrations (i.e., U.S. Trademark Registration Nos. 6,137,521 for "FLIP A MALLOWS" for goods in Class 28; 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class 28; and 2,029,047 for "KELLYTOY" for goods in Class 28). Kelly Toys also applied for the registrations of "SQUISHMALLOWS HUGMEES" and "ORIGINAL SQUISHMALLOWS",

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

which are covered by the Squishmallows Applications (i.e., U.S. Trademark Serial Application Nos. 88/471,796 for goods in Class 28 and 90/676,140 for goods in Class 28).

4. The Squishmallows Marks are currently in use in commerce in connection with Squishmallows Products.

5. In addition, Kelly Toys is also the owner of registered copyrights in and related to the Squishmallows Products.

6. For example, Kelly Toys owns the Squishmallows Works, and the U.S. copyright registrations covering the same, which are listed in Exhibit C to the Complaint.

7. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products through Defendants' Websites.

8. Defendants are not, nor have they ever been, authorized distributors or licensees of the Squishmallows Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Squishmallows Works and/or Squishmallows Marks, nor has Plaintiff consented to Defendants' use of marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Squishmallows Works and/or Squishmallows Marks;

9. Plaintiff is likely to prevail on its Lanham Act, copyright and related common law claims at trial.

10. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

a. Defendants have offered for sale and sold substandard Infringing Products that infringe the Squishmallows Works and/or Squishmallows Marks;

b. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its Squishmallows Products; and

c. Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Infringing Products or other goods that infringe the Squishmallows Works and/or Squishmallows Marks, the means of obtaining or manufacturing such Infringing Products, and records relating thereto that are in their possession or under its control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Infringing Products or other goods infringing the Squishmallows Works and/or Squishmallows Marks, the means of obtaining or manufacturing such Infringing Products, and records relating thereto that are in its possession or under its control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products or other goods infringing the Squishmallows Works and/or Squishmallows Marks and records relating thereto that are in their possession or under their control and/or (iv) change the host of Defendants' Websites and/or create new websites under new or different names and continue to offer for sale and sell Infringing Products with little to no consequence.

11. The balance of potential harm to Defendants of being prevented from continuing to profit from its illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Squishmallows Works and/or Squishmallows Marks and to its reputation if a temporary restraining order is not issued.

12. Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Squishmallows Works and/or Squishmallows Marks, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Squishmallows Products.

13. Plaintiff has not publicized its request for a temporary restraining order in any way.

14. Service on Defendants via alternative means is reasonably calculated to result in proper notice to Defendants.

15. If Defendants are given notice of the Application, it is likely to secret, conceal, transfer or otherwise dispose of its ill-gotten proceeds from its sales of Infringing Products or other goods infringing the Squishmallows Works and/or Squishmallows Marks. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) of this Order, respectively, before requiring service on Defendants.

16. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Infringing Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I. Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products bearing the Squishmallows Works and/or Squishmallows Marks and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Squishmallows Works and/or Squishmallows Marks;

2) directly or indirectly infringing in any manner Plaintiff's Squishmallows Marks and Squishmallows Works;

3) using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Squishmallows Marks and Squishmallows Works, to identify any goods or service not authorized by Plaintiff;

4) using Plaintiff's Squishmallows Marks and/or Squishmallows Works and/or any other marks that are confusingly similar to the Squishmallows Marks and/or any other artwork that is substantially similar to the Squishmallows Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

5) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

6) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Websites or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

7) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

8) linking, transferring, selling and/or operating Defendants' Websites; and

9) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8) above and I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3) knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(A)(I) through I(A)(8) and I(B)(1) through I(B)(2) above and I(C)(1) through I(C)(2) below.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) within five (5) days after receipt of service of this Order, providing services to Defendants, including, without limitation, those relating to the continued operation of Defendants' Websites;

2) permitting the transfer, sale and/or assignment of Defendants' Websites; and

3) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8), I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) above.

## II. Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom 130 of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on February 2, 2022 at 3 p.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before January 31, 2022. Plaintiff shall file any Reply papers on or before February 1, 2022.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III. Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV. Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendants will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses, service@squishmallowsus.com, service@squishmallows-us.com; refund@squishmallows-us.com, service@squishmollaws.com,

refund@squishmollaws.com, official@zhixintrade.com and support@xiangli-technology.com.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A) and V(B)-(C)** of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare, Inc. will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba Cloud Computing (Beijing) Co., will be able to download a PDF copy of this Order via electronic mail to Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com; and

4) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where GoDaddy will be able to download a PDF copy of this Order via electronic mail to

compliancemgr@godaddy.com and courtdisputes@godaddy.com.

## V.    Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, Defendants shall serve upon Plaintiff's counsel a written report under oath providing:

   a. its true name and physical address;

   b. the name and location and URL of any and all websites that Defendants own and/or operate;

   c. the complete sales records for any and all sales of Infringing Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

   d. the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

   e. the steps taken by Defendants, or other person served to comply with **Section I**, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants, if served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' Websites, and provide Plaintiff's counsel with a summary report, which shall include, at a minimum, identifying information for Defendants' Websites (i.e. URLs), contact information for Defendants (including but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   a. account numbers;
   
   b. current account balances;

c. any and all identifying information for Defendants and/or Defendants' Websites, including, but not limited to, names, addresses and contact information;

d. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f. any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' Websites, including, but not limited to, documents and records relating to:

   a. account details, including, without limitation, identifying information and URLs for any and all accounts or websites that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c. the nature of Defendants' business(es) and operation(s), methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Websites, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Websites; and

d. Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products, or any other products bearing the Squishmallows Marks and/or Squishmallows Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Squishmallows Marks and/or Squishmallows Works.

## VI. Security Bond

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of _Five Thousand_ Dollars ($5,000) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII. Sealing Order

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Jonathan Kelly and Gabriela N. Nastasi

in support thereof and exhibits attached thereto and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(B)-(C)** of this Order.

**SO ORDERED.**

SIGNED this 21st day of January, 2022, at 4 pm.

Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE